# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| JOSE ROSAS, | Case No. CV 17-00665-JAK(AS) |
| Petitioner, | **FINAL REPORT AND RECOMMENDATION** |
| v. | **OF A UNITED STATES MAGISTRATE** |
| DEAN BORDERS, | **JUDGE** |
| Respondent. | |

This Final Report and Recommendation is submitted to the Honorable John A. Kronstadt, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

## I. PROCEEDINGS

On November 28, 2016, Jose Rosas ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") in the Ninth Circuit Court of Appeals. (Docket

Entry No. 1).¹ The Petition was transferred to the United States District Court for the Central District of California on January 27, 2017. (Docket Entry No. 2).

On February 1, 2017, the Court, finding that the Petition was deficient in two separate respects, issued an Order Requiring the Filing of a First Amended Petition. (Docket Entry No. 4). Petitioner did not respond to the Court's Order. On March 17, 2017, the Court issued an Order to Show Cause why this action should not be dismissed for Petitioner's failure to comply with Court orders and/or for his failure to prosecute pursuant to Fed.R.Civ.P. 41(b). (Docket Entry No. 5).

On April 12, 2017, Petitioner filed a First Amended Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("First Amended Petition") (Docket Entry No. 6),

---

¹ The Petition was signed on November 28, 2016. Attached to the Petition is a Proof of Service by Mail dated November 28, 2016, indicating that the Petition was mailed to the "U.S. Court of Appeals Building, 95 Seventh Street, San Francisco, CA 94103, P.O. Box 193939 San Francisco, CA 94419." According to Petitioner, the Petition was "sent out from the California Court of Appeal to the Ninth Circuit Court of Appeals." (Docket Entry No. 18 at 3-4). A habeas petition is constructively filed on the date a prisoner presents his federal habeas petition to prison authorities for forwarding to the Clerk of the Court. Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2000), vacated on other grounds, 536 U.S. 214 (2002); Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001). For the purposes of its analysis, the Court will use November 28, 2016, the date the Petition was signed, as the filing date.

which resulted in the vacating of the Order to Show Cause (see Docket Entry No. 2 n. 1).

The First Amended Petition asserts the following grounds for federal habeas relief: (1) Petitioner received ineffective assistance of trial counsel for failing to investigate all of the elements of the allegation against Petitioner and for failing to search for exculpatory evidence such as forensic medical reports; Petitioner also received ineffective assistance of appellate counsel; (2) There was outrageous government misconduct since independent evidence was not introduced to support a valid claim of child molestation, oral copulation and sex with a child under 10; (3) Petitioner was interrogated by a police officer without counsel being present; (4) Petitioner was interrogated without the charges against him being disclosed; and (5) There was a violation under Brady v. Maryland, 373 U.S. 83 (1963) based on the failure of Petitioner's counsel to find "factors of innocence" and to protect Petitioner "against presentation of false evidence[.]" (See Petition at 43, 45).[2]

On June 14, 2017, Respondent filed a Motion to Dismiss the Fist Amended Petition ("Motion to Dismiss")(Docket Entry No. 12), contending that (1) the Petition is time barred, (2) its claims are impermissibly conclusory, and (3) Ground Two, to the extent that it

---

[2] The Court is using the page numbering of the ECF-Filing system.

3

alleges an ineffective assistance of appellate counsel claim, is unexhausted. (See Motion to Dismiss at 3-12).[3]

On August 16, 2017, Petitioner filed a "Motion in Opposition to Dismiss Petition" ("Opposition"). (Docket Entry No. 18).

On August 17, 2017, the Court issued a Report and Recommendation recommending that Respondent's Motion to Dismiss the First Amended Petition be granted because the Petition was untimely. (Docket Entry No. 20).

On September 8, 2017, Petitioner filed Objections to the Report and Recommendation ("Objections"). (Docket Entry No. 21).

The Court now issues this Final Report and Recommendation to address Petitioner's Objections.

## II. BACKGROUND

In 2012, a Los Angeles County Superior Court jury found Petitioner guilty of five counts of a lewd or lascivious act upon a child under the age of 14 years in violation of Cal. Penal Code ["P.C."] § 288(b) (Counts 1, 3, 5, 7 and 8), one count of sexual intercourse by a person over 18 years of age with a child who is 10

---

[3] The Court's determination that the First Amended Petition is time barred renders it unnecessary for the Court to address Petitioner's alternative contentions.

4

years of age or younger in violation of P.C. § 288.7(a) (Count 2), one count of a forcible lewd or lascivious act upon a child under the age of 14 years in violation of P.C. § 288(b)(1) (Count 4), and one count of continuous sexual abuse of a child under the age of 14 years in violation of P.C. § 288.5(a) (Count 6). On June 18, 2012, the trial court sentenced Petitioner to a total of 55 years to life, which consisted of 16 years on Count 1, a consecutive term of 8 years on Count 4, consecutive terms of 2 years each on Counts 1, 7 and 8, and a consecutive term of 25 years to life on Count 2. (See Respondent's Notice of Lodging ["Lodgment"] No. 1 at 2; First Amended Petition at 2).

Petitioner appealed his convictions and sentence to the California Court of Appeal,[4] which, on January 27, 2014, affirmed the Judgment. (See Lodgment No. 2). Petitioner then filed a Petition for Review with the California Supreme Court, which was summarily denied on April 30, 2014. (See Respondent's Notice of Supplemental Lodging ["Supplemental Lodgment"] No. 11; Lodgment No. 5).[5]

---

[4] Neither party has provided the Court with a copy of Petitioner's appellate brief(s).

[5] Although Petitioner's appellate counsel declined to file a Petition for Review (see Objections at 4-5, Exhibit "B"), Petitioner filed a Petition for Review with permission. (See Supplemental Lodgment No. 11; http://appellatecases.courtinfo.ca.gov).

Neither party has provided the Court with a copy of the California Supreme Court's Order denying the Petition for Review.

<u>State Habeas Petitions</u>

On November 6, 2016, Petitioner constructively filed a habeas petition with the Los Angeles County Superior Court, which, on December 1, 2016, denied the petition. (<u>See</u> Lodgment Nos. 6-7).[6]

On December 28, 2016, Petitioner constructively filed a habeas petition with the California Supreme Court (<u>see</u> Lodgment No. 8; <u>see also</u> Lodgment No. 9 [Petitioner's supplemental habeas petition signed on February 10, 2017 and filed on February 16, 2017]), which was denied with citation to <u>In re Robbins</u>, 18 Cal.4th 770, 780 (1998) on March 15, 2017. (<u>See</u> Lodgment Nos. 8-10).[7]

For purposes of its analysis, the Court assumes that the First Amended Petition was filed on November 28, 2016, the date on which the Petition was constructively filed, as noted above.[8]

---

[6] That habeas petition and attached Proof of Service by Mail were signed on November 6, 2016, and filed with the Clerk of the Los Angeles County Superior Court on November 15, 2016. For purposes of its analysis, the Court will consider November 6, 2016, the date on which that habeas petition was signed, as the filing date.

[7] That habeas petition and attached Proof of Service by Mail were signed on December 28, 2016, and filed with the Clerk of the California Supreme Court on January 20, 2017. For purposes of its analysis, the Court will consider December 28, 2016, the date on which that habeas petition was signed, as the filing date.

[8] For purposes of its analysis, the Court assumes that the claims alleged in the First Amended Petition "relate back" to the claims alleged in the Petition.

6

**III. DISCUSSION**

A. <u>The Limitations Period</u>

The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to the First Amended Petition because it was filed after the statute's effective date of April 24, 1996. See <u>Lindh v. Murphy</u>, 521 U.S. 320, 322-23 (1997). Under AEDPA, state prisoners must file their federal habeas petitions within one-year of the latest of the following dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). "AEDPA's one-year statute of limitations in § 2244(d)(1) applies to each claim in a habeas application on an individual basis." Mardesich v. Cate, 668 F.3d 1164, 1171 (9th Cir. 2012). The limitations period is tolled when a prisoner properly files an application for state post-conviction review (statutory tolling) and may also be tolled during reasonable periods of time between such state habeas proceedings (gap tolling). 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408, 410 (2005).

AEDPA's limitations period may also be tolled for equitable reasons "in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). The Ninth Circuit recognizes the availability of equitable tolling of the one-year statute of limitations in situations where "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). A prisoner must establish that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance caused the delay. Holland, 560 U.S. at 649. This is a highly fact-dependent determination. Spitsyn, supra.

B.  <u>Petitioner Did Not File His Petition Within The Limitations Period</u>

As indicated above, a petitioner ordinarily has one-year from the date that the state court's judgment becomes final to file a federal habeas petition. See 28 U.S.C. § 2244(d)(1). A case becomes final at "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The California Supreme Court denied Petitioner's Petition for Review on April 30, 2014. Petitioner's conviction became final on July 29, 2014, when Petitioner's time to petition the United States Supreme Court for a writ of certiorari expired.[9] See <u>Wixom v. Washington</u>, 264 F.3d 894, 897 (9th Cir. 2001); <u>Bowen v. Roe</u>, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Therefore, the AEDPA one-year statute of limitations commenced on July 30, 2014 and, absent the application of an alternate start date under § 2244(d)(1),[10] or sufficient statutory or equitable tolling, the limitations period expired one year later, on July 30, 2015. See <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1246 (9th Cir. 2001).

As set forth above, Petitioner did not file the instant First

---

[9] Pursuant to United States Supreme Court Rule 13.1, petitioner had 90 days from the date the California Supreme Court denied his Petition for Review to petition the Supreme Court for a writ of certiorari.

[10] Since Petitioner does not allege the applicability of any circumstances that would delay the running of the statute of limitations (<u>see</u> 28 U.S.C. § 2244(d)(1)(B)-(D)), the Court will not address those provisions.

9

1 Amended Petition until November 28, 2016, almost 16 months after
2 the statute of limitations expired on July 30, 2015.

C.  **Petitioner is Not Entitled to Statutory Tolling**

Petitioner is not entitled to statutory tolling during the pendency of the habeas petitions he filed in the Los Angeles County Superior Court and the California Supreme Court. This is because a petition filed *after* the conclusion of the limitations period cannot reinitiate the limitations period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003)("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001)(filing of state habeas petition "well after the AEDPA statute of limitations ended" resulted in an "absolute time bar to []filing" a federal petition); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)("[A] state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Therefore, absent grounds for equitable tolling, the First Amended Petition is untimely.

D.  **Petitioner Is Not Entitled To Equitable Tolling**

The United States Supreme Court has recognized the availability of equitable tolling to the one-year statute of limitations in "extraordinary circumstances," such as those involving "serious instances of attorney misconduct." Holland, 560 U.S. at 649-52.

The Ninth Circuit recognizes the availability of equitable tolling of the one-year statute of limitations in situations where extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. Spitsyn, 345 F.3d at 799. The words "extraordinary" and "impossible" suggest the limited availability of this doctrine, and to date the Ninth Circuit has found very few circumstances which warrant equitable tolling.[11] See

---

[11] See e.g., Grant v. Swarthout, 862 F.3d 914, 925-26 (9th Cir. 2017)(equitable tolling warranted where prison officials failed to provide petitioner with a requested prison account certificate, a document the petitioner needed in order to file his habeas petition); Luna v. Kernan, 784 F.3d 640, 646-49 (9th Cir. 2015)(equitable tolling warranted where petitioner's counsel voluntarily dismissed petitioner's timely federal habeas petition for no good reason, misled petitioner to believe that a fully exhausted federal habeas petition would be filed "shortly" [without informing petitioner that the statute of limitations was going to run in three weeks]), and misled petitioner to believe for more than six years that his federal habeas petition was moving forward toward a hearing on the merits); Rudin v. Myles, 781 F.3d 1043, 1056-59 (9th Cir. 2015)(equitable tolling warranted where petitioner's first counsel abandoned petitioner by making minimal visits to petitioner and then stopping the visits, blocking petitioner's phone calls, not showing an intention at post-conviction hearings to actually represent petitioner, and failing to provide petitioner with reasons for counsel's delay; and where

11

Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009)("To apply the doctrine in 'extraordinary circumstances' necessarily suggests the doctrine's rarity."). A petitioner must establish that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance caused the delay. Pace, 544 U.S. at 418. This is a highly fact-dependent determination. Spitsyn, supra. Petitioner bears the burden to prove equitable tolling. See Zepeda v. Walker, 581 F.3d 1018, 1019 (9th Cir. 2009). Petitioner must show that "'the extraordinary circumstances were the cause of his untimeliness . . . and that the 'extraordinary circumstances ma[de] it impossible to file a petition on time.'" Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009)(citations omitted). Petitioner must show that an "external force" caused the untimeliness, rather than "oversight, miscalculation or

---

the state affirmatively misled petitioner into believing that the state court had excused petitioner's late filing and that the statute of limitations would be statutorily tolled); Gibbs v. LeGrand, 767 F.3d 879, 886-88 (9th Cir. 2014)(equitable tolling warranted where petitioner's counsel abandoned petitioner by failing to notify him of the state supreme court's denial of his appeal of his state post-conviction petition until after the expiration of the statute of limitations, despite petitioner's repeated inquiries); Doe v. Busby, 661 F.3d 1001, 1012-15 (9th Cir. 2011)(equitable tolling warranted where petitioner's counsel failed to file federal habeas petition after making numerous promises to timely file, did not return petitioner's file until long after the statute of limitations had run, and petitioner was reasonably diligent in pursuing his rights); and Bills v. Clark, 628 F.3d 1092, 1098-1101 (9th Cir. 2010)(equitable tolling may be warranted where mental impairment so severe that petitioner was unable personally either to understand the need to timely file or prepare a habeas petition, and that impairment made it impossible under the totality of the circumstances to meet the filing deadline despite petitioner's diligence).

12

negligence." Waldron-Ramsey, 556 F.3d at 1011 (citation omitted); see also Holland, 560 U.S. at 651-52.

Although Petitioner alleges that he is entitled to equitable tolling (see Opposition, Exhibit "A" at 2, Exhibit "B" at 7), Petitioner has not proffered any facts to warrant a finding of equitable tolling in this case.

Moreover, to the extent that petitioner is claiming actual innocence in an attempt to bypass the statute of limitations hurdle -- (see Opposition, Exhibit "A" at 1-6, Exhibit "B" at 7-15; Objections at 1-6); see also McQuiggin v. Perkins, 133 S.Ct. 1924, 1928 (2013)("We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations.") -- Petitioner has failed to show that the actual innocence exception to the statute of limitations applies in his case. Under the actual innocence exception to the statute of limitations, a petitioner must show that "'in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" McQuiggin v. Perkins, supra (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)); see House v. Bell, 547 U.S. 518, 538 (2006)("A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt-or, to remove

the double negative, that more likely than not any reasonable juror would have reasonable doubt.").

Here, Petitioner did not allege why he is actually innocent, either in the First Amended Petition or in the Opposition. Petitioner's claim of actual innocence, as asserted in his Objections (see Objections at 1-6), are merely claims of a coerced confession, the failure to disclose exculpatory evidence, the denial of the right to confront a witness, and ineffective assistance of appellate counsel. See Bousley v. United States, 523 U.S. 614, 623 (1998)("'Actual innocence' means factual innocence, not mere legal insufficiency."); Morales v. Ornoski, 439 F.3d 529, 533-34 (9th Cir. 2006). Moreover, Petitioner has not even purported to make a showing of actual innocence, supported by new reliable evidence. See Schlup v. Delo, 513 U.S. at 324 ("To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial."). Petitioner simply has not presented an "exceptional case[] involving a compelling claim of actual innocence." House v. Bell, 547 U.S. at 521; see Schlup v. Delo, supra ("[E]xperience has taught us that a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare."); McQuiggin v. Perkins, supra ("We caution, however, that tenable actual-innocence gateway pleas are rare").

Because Petitioner is not entitled to statutory tolling and has failed to demonstrate any entitlement to equitable tolling, the Court must find that the Petition is untimely.

**IV.   RECOMMENDATION**

For the foregoing reasons, IT IS RECOMMENDED that the Court issue an Order: (1) approving and accepting this Final Report and Recommendation; (2) granting the Motion to Dismiss the First Amended Petition; (3) denying the First Amended Petition for Writ of Habeas Corpus; and (4) and dismissing this action with prejudice.

DATED: September 18, 2017

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

15